1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REGINALD E. SPEARMAN, | No. 2:23-CV-0093-DMC |
| Plaintiff, | |
| v. | ORDER |
| RONALD W. HILLBERG, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before this Court is Plaintiff's complaint, ECF No. 1.

The Court must screen complaints brought by prisoners seeking relief against a governmental entity, officer, or employee of a governmental entity.  See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated when the action was initiated even if the litigant was later released from custody.  See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim" that demonstrates the pleader's entitlement to relief.  Fed. R. Civ. P. 8(a)(2).  Therefore, it is necessary to express claims simply, concisely, and directly.  See

1

1  McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).

2  These rules are satisfied if the complaint provides enough information to the defendant about the

3  plaintiff's claim and the grounds on which it is based.  See Kimes v. Stone, 84 F.3d 1121, 1129

4  (9th Cir. 1996).  For plaintiff's claims to be considered, plaintiff must allege overt acts by specific

5  defendants with at least some degree of particularity to satisfy the standard to support the claims

6  alleged.  The Court cannot proceed with the complaint if the allegations are vague and conclusory

7  because plaintiff failed to meet this standard.  Additionally, the Court cannot conduct the

8  screening required by law when the allegations are vague and conclusory.

9

10  ### I. PLAINTIFF'S ALLEGATIONS

11         This action proceeds on Plaintiff's original complaint.  See ECF No. 1.  The

12  following business entities are named as defendants: (1) RAD, LLC; (2) J&A Property

13  Management, LLC; (3) Prodigy Management, LLC; (4) Jimenes Construction & Landscaping,

14  LLC; (5) Tri-Mark, LLC; (6) HomeSmart-TRG, LLC; (7) LoMo, LLC; (8) Tri-Wood, LLC;

15  (9) Sam Berri Towing, LLC; (10) Tot & Carrey, LLC; (11) Black Star, LLC; (12) B.W.O., LLC;

16  (13) White Oak Global Advisors, LLC; and (14) TTYAOVO, LLC.  See id. at 1-2.  Plaintiff

17  names the following individuals as defendants: (1) Ronald W. Hillberg; (2) Mark E. Prescott;

18  (3) N. Daniels; (4) Perry W. Knight; (5) Erica Torrez; (6) Jill Wood; (7) Murphy, California

19  Highway Patrol (CHP) officer; (8) Mark Owls; (9) Peter Phong; (10) Allred, Sacramento County

20  Recorder; (11) Stanislaus County Recorder; (12) Cameron Hayne; (13) Kayla Hayne; (14) Von P.

21  SeSonoy; (15) Deborah Harris; (16) Blaze Carson; (17) Imani Jackson; (18) Maxine Tobin;

22  (19) Angela Gnos; (20) Christopher Melindez; (21) Marco Lopez; (22) Deputy Bandy;

23  (23) DaShon Fields; (24) Alex Bacca; (25) Michael Clark; (26) Anita J. Barton; (27) Allen Yost;

24  (28) Randolph Rothenberg; (29) Susan Schmitt; (30) Cristina Davis; (31) Joshua Allen;

25  (32) Alexana Wright; and (33) Whitney Moore.  See id.  Plaintiff also names the Sacramento

26  Police Department, "19 Keys of Youtube," and Potters House Church.  See id.

27  / / /

28  / / /

2

1    In his first claim, Plaintiff alleges Defendants violated his rights to property and

2    secure telecommunications.  See id. at 4.  Plaintiff also contends that Defendants committed

3    identity theft.  See id.   Plaintiff claims Defendants Ronald W. Hillberg and Mark E. Prescott,

4    who were the administrators and trustees of the Leopold T. Prescott Trust of 2003, breached and

5    violated their fiduciary duties by self-dealing, committing fraud, racketeering, mail theft, and

6    forgery, as well as not providing proper accounting and communication.  Id.  According to

7    Plaintiff, Defendants have held the trust in limbo because they have failed to, as state law

8    requires, produce a business plan and updates on the assets of the trust.  Id.  Defendants also have

9    not followed the directions of the trust document, which Plaintiff claims has been proven to be

10   forged after investigation.  Id.

11   Plaintiff asserts that Defendants Hillberg and Prescott have a co-conspirator,

12   Defendant N. Daniels, who was a former Sacramento Police Department officer who lived across

13   the street from Plaintiff.  Id.  According to Plaintiff, Defendant Daniels stole Plaintiff's mail and

14   made a false police report on Plaintiff.  Id.  Plaintiff also alleges that Defendants hacked

15   Plaintiff's phones, emails, and accounts.  Id.  Plaintiff adds that Defendant Daniels actively

16   stalked and harassed Plaintiff with the help from Defendants Cameron Hayne and Sam Berri of

17   Sam Berri Towing, who stole Plaintiff's car and then charged Plaintiff $5,000 for its return.  Id.

18   Next, Plaintiff contends that the trust consists of real estate, which Defendant

19   Mark "liquidated via fraud & false accounting."  Id.  Plaintiff alleges injury from being defrauded

20   out of millions of dollars, real estate, as well as false imprisonment and defamation of character.

21   Id.  Plaintiff asserts that he was "robbed" of his right to secure telecommunication and his right to

22   an accounting for his stocks, bonds, and securities.  Id.

23   In his second claim, Plaintiff alleges that Defendants' racketeering, money

24   laundering, wire fraud, offshore banking false charges, false imprisonment, and theft violated

25   Plaintiff's civil and constitutional rights.  Id. at 5.  Plaintiff alleges money from the trust fund was

26   liquidated via a number of "shell LLC's" (RAD LLC, nonprofit, J&A LLC, Eric Torrez, Tri-

27   Mark, LLC, Tri-wood, LLC, Jimenes Construction LLC, Home smart – TRG LLC, Sam Berri

28   Towing/Racing LLC, Tot & Carry LLC, Black Star, LLC) as well as Jill Wood of 5775 Victoria

1    Ave, Riverside CA.  Id.  According to Plaintiff, Defendants Murphy CA CHP, Mark Owls, Peter

2    Phong, Stanislaus Recorder C.O., Allred Sac C.O. Recorder, Sacramento P.D.,  Marco Lopez, and

3    Deputy Bandy falsely charged, reported, and imprisoned Plaintiff.  Id.  Defendant Cameron

4    Hayne allegedly stole Plaintiff's car, I.D., and forged a false trust with Plaintiff's documents,

5    which Defendant Hayne's daughter used to launder funds via a false heir company.  Id.

6    Defendant Von P. SeSonoy allegedly forged documents and stole Plaintiff's mail.  Id.  Plaintiff

7    claims that a ring lender, Defendant Deborah Harris, stole and washed $80 million of trust funds.

8    Id.  Plaintiff adds that Defendants Hayne Motorsport, LLC, and Imani Jackson intercepted

9    Plaintiff's payment due for his account from the trust using a fake lawyer, Defendant Perry W.

10   Knight of Sopp & Matson, LLP.  Id. at

11            In his third claim, Plaintiff alleges that the CHP and Sacramento Police

12   Department violated his constitutional rights by way of harassment, false imprisonment, and

13   invasion of Plaintiff's privacy.  Id. at 6.  Plaintiff claims that the Sacramento Police Department

14   targeted Plaintiff at his home and arrested Plaintiff on false charges with conspirator Defendant

15   N. Daniels, a Sacramento Police Department officer and Plaintiff's neighbor.  Id.  Plaintiff claims

16   that Defendant N. Daniels is part of a group known as "E.V.C." which, according to Plaintiff,

17   targets, gaslights, and defrauds people by using law enforcement to stalk, hack, and commit mail

18   theft.  Id.  Plaintiff does not define what the initials "E.V.C." represent.  Plaintiff does state,

19   however, that the E.V.C. members include Defendants Cameron Hayne, Kayla, Hayne, Sam Berri

20   of Sam Berri Towing, and Sam Berri Racing, which Plaintiff alleges stole his car, documents, and

21   identification.  See id.  Plaintiff contends that Defendants Sacramento Police Department and

22   Officer Bandy falsely imprisoned Plaintiff and conspired with other E.V.C. members to gaslight

23   Plaintiff and destroy his image.  Id.  According to Plaintiff, Defendants tracked Plaintiff's

24   location using "WiFi ping & cloud hacking & SMS & call forwarding & SIM cloning."  Id.

25   Plaintiff alleges Defendants' actions caused him injury by loss of home property, wages, estate

26   securities, and emotional trauma.  Id.

27   / / /

28   / / /

4

For relief, Plaintiff seeks "payment in full & all estate securities & bonds returned." Id. at 7. Plaintiff also asks that "each acting party" be charged to the fullest extent of the law. See id. Finally, Plaintiff seeks pain and suffering damages. See id.

## II.  DISCUSSION

The Court finds that Plaintiff fails to state a cognizable claim against any named defendant. First, Plaintiff has not alleged facts to show how any of the business entities, "19 Keys of Youtube," and Potters House Church are persons acting under color of state law. Second, Plaintiff's complaint suffers from the same defect as to the individual defendants named in the complaint, other than Defendants Murphy, who is alleged to be a CHP officer, Allred, who is alleged to the Sacramento County Recorder, and Bandy, who is alleged to be a police deputy. As to all defendants, Plaintiff has not alleged facts to link defendants to a violation of Plaintiff's constitutional or federal statutory rights. Finally, Plaintiff fails to allege facts sufficient to sustain a municipal liability claim as against Defendant Sacramento Police Department.

### A.      Persons Acting Under Color of State Law

To state a claim under § 1983, the plaintiff must show that (1) action was done by a person acting "under color of state law" and (2) the action resulted in the deprivation of a constitutional right or federal statutory right. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)); see also Balistreri v. Pacifica Police Dept., 90 F.2d 696, 699 (9th Cir. 1988). Non-state actors are generally not liable under §1983 because the statute expressly requires that a person acting "under color of state law" must violate another person's federal constitutional rights to be liable to the injured party. See 42 U.S.C. § 1983; see also Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991); Simmons v. Sacramento Cty. Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003). A person acts under color of state law when they "exercise such coercive power or has provided such significant encouragement that the choice must in law be deemed to be that of the State." Blum v. Yaretsky, 457 U.S. 991, 1004 (1982).

/ / /

Here, Plaintiff names a number of business entities as well as "19 Keys of Youtube" and Potters House Church as defendants.  Plaintiff also names a number of individuals as defendants.  Except as to Defendants Murphy, Allred, and Bandy, Plaintiff has failed to include any allegations indicating that these defendants were acting under color of state law.  Plaintiff will be provided an opportunity to amend.

### B.    Causal Link

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of defendants in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff's rambling complaint asserts facts alleging some kind of theft concerning a trust.  Plaintiff has not, however, alleged facts to show how any defendant participated in a violation of rights guaranteed to Plaintiff by federal statute or the United States Constitution, as required to sustain claims under § 1983.  Again, Plaintiff will be provided an opportunity to amend.

### C.    Municipal Liability

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).  Counties and municipal government officials are also "persons" for purposes of § 1983.  See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989).  A local government unit, however, may not be held responsible for the acts of its employees or officials

1  under a respondeat superior theory of liability.  See Bd. of County Comm'rs v. Brown, 520 U.S.

2  397, 403 (1997).  Thus, municipal liability must rest on the actions of the municipality, and not of

3  the actions of its employees or officers.  See id.  To assert municipal liability, therefore, the

4  plaintiff must allege that the constitutional deprivation complained of resulted from a policy or

5  custom of the municipality.  See id.

6          In this case, Plaintiff names the Sacramento Police Department as a defendant.

7  Plaintiff has not, however, alleged facts to indicate any custom or policy of the municipality

8  which resulted in a violation of Plaintiff's constitutional or statutory rights.  Plaintiff will be

9  provided leave to amend.

10

11                          **III.  CONCLUSION**

12          Because the deficiencies identified in this order may be cured by amending the

13  complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131

14  (9th Cir. 2000) (en banc).  Plaintiff is informed that an amended complaint supersedes the original

15  complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff

16  amends the complaint, the Court cannot refer to the prior pleading to make Plaintiff's amended

17  complaint complete.  See Local Rule 220.  An amended complaint must be completed without

18  reference to any prior pleading.  See id. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir.

19  2000) (en banc).

20          If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

21  conditions complained of have violated Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625

22  F.2d 227 (9th Cir. 1980).  The complaint must specify how each named defendant is involved and

23  establish an affirmative link or connection between each defendant's actions and the claimed

24  violation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d

25  740, 743 (9th Cir. 1978).

26  / / /

27  / / /

28  / / /

7

1            Because the complaint does not appear to state a cognizable claim, if no amended

2    complaint is filed within the time allowed, the Court will issue findings and recommendations

3    that the claims identified herein as defective be dismissed.

4            Accordingly, IT IS HEREBY ORDERED that Plaintiff shall file a first amended

5    complaint within 30 days of the date of this order.

6

7    Dated:  March 14, 2024

8    _____

9    DENNIS M. COTA
    UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28