UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD EDWARD SPEARMAN, | No. 2:23-cv-00093-DJC-DMC |
| Plaintiff, | |
| v. | **ORDER** |
| RONALD W. HILLBERG, et al., | |
| Defendants. | |

Magistrate Judge Dennis M. Cota issued Findings and Recommendations on May 8, 2024, recommending this action be dismissed for failure to prosecute and failure to comply with court rules and orders.  (ECF No. 12.)  Plaintiff did not file objections or otherwise respond to these Findings and Recommendations.  On May 8, 2024, this Court signed an Order adopting the Findings and Recommendations of Judge Cota and dismissed this action for failure to prosecute and failure to comply with court rules and orders.  (*See* ECF No. 13.)  Plaintiff has now submitted a document entitled "Objection" along with a First Amended Complaint  (ECF Nos. 15, 16.)  The Court construes the document entitled "Objection" as a Motion for Relief from Judgment or Order under Federal Rule of Civil Procedure 60.

Rule 60 provides that a party may seek relief for the following reasons "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence

that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  Plaintiff appears to request relief based on mistake or excusable neglect.  Where a party misses a filing deadline, courts use the four-factor *Pioneer* test to determine whether it constitutes excusable neglect.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380 (1993); *see Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).  Under *Pioneer*, courts consider "[1] the danger of prejudice to the defendant, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the plaintiff, and [4] whether the plaintiff acted in good faith."  *Id.* at 395.  This is an equitable test that takes into account "all relevant circumstances surrounding the party's omission."  *Id.* "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect . . . ."  *Id.* at 392.

Applying these factors here, there is some risk of prejudice to the defendant given the passage of time.  As the case is not yet passed the screening stage due to the failure to prosecute, defendant may well be unaware of the existence of this suit, and accordingly unable to preserve evidence and witnesses necessary for its defense. The delay caused by the Plaintiff – almost ten months – also weighs in favor of denying the Motion for Relief.   As to the third and fourth factors, while there is no indication of bad faith, the Plaintiff only provides a conclusory statement that he was not served the correspondence sent to him, presumably referring to Judge Cota's Order directing him to file an amended complaint (ECF No. 11), the subsequent Findings and Recommendations in which Judge Cota recommended this action be dismissed (ECF No. 12), and the Order adopting those Findings and

1  Recommendations and the subsequent Judgment (ECF No. 13, 14).  A review of the

2  docket indicates that all of these documents were properly served on Plaintiff, and

3  none of them were returned by the U.S. Postal Service.  Moreover, even if Plaintiff did

4  not receive these documents, this means Plaintiff failed to ascertain the status of his

5  case for nearly two years since his last filing and over a year from Judge Cota granting

6  Plaintiff leave to proceed in forma pauperis.  Considering the *Pioneer* factors, the

7  Court does not believe that granting relief from judgment is appropriate.

8       Even if the Court were inclined to consider the late-filed objections and the First

9  Amended Complaint, the First Amended Complaint, while difficult to decipher, does

10  not appear to address the concerns laid out by Judge Cota in his screening order

11  (ECF No. 10).  Accordingly, Plaintiff's Motion for Relief from a Judgment or Order

12  pursuant to Rule 60 (ECF No. 17) is DENIED.  This action shall remain closed and no

13  further filings in this closed action shall be accepted.

14

15       IT IS SO ORDERED.

16  Dated:  **February 14, 2025**

17  Hon. Daniel J. Calabretta
    UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28

3